UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | CRIMINAL ACTION NO. |
| v. | : | 3:08-cr-4 (JCH) |
| CHARLES BUNCH | : | OCTOBER 16, 2008 |
| Defendant. | : | |

**ORDER DENYING MOTION TO SEVER BY DEFENDANT BUNCH [Doc. No. 370]**

On January 8, 2008, seventeen defendants were indicted under 21 U.S.C. §§ 841(a)(1) and 846 with Conspiracy to Distribute 50 Grams or More of Cocaine Base, and Possession of Cocaine Base With Intent to Distribute. On August 6, 2008, defendant Charles Bunch made a Motion to Sever, asking that he be tried separately from his alleged co-conspirators. On September 23, 2008, the grand jury returned a superseding indictment splitting the charges into several counts. On September 25, 2008, the court announced that it would try counts one and two of the indictment separately.

At a hearing on September 25, 2008, Bunch's attorney reiterated that severance was warranted, not withstanding the court's granting of separate trials, because Bunch would be tried with co-defendants whom, if they testified, could exonerate him.

In his Motion, Bunch requests a separate trial on the ground that a joint trial will prejudice him. To the extent Bunch requests a severance from the trial of defendants with whom he is not alleged to have conspired, that request is rendered moot by the return of the superseding indictment and the court's determination to try the counts

separately.

Bunch also requests to be tried alone. He makes two claims in support of his request. First, he claims that one or more co-defendants who have already pled guilty may indirectly testify to Bunch's involvement by way of their own confessions and testimony about their prior involvement, and that such testimony may prejudice him, even though he may not be explicitly named in the co-defendants' confessions.

The court fails to understand how this claim militates in favor of being tried alone. Bunch may object to prejudicial testimony whether or not he is being tried alone, and the court will consider whether to admit that testimony in accordance with the Federal Rules and caselaw governing the admission of testimony.

Second, he claims that he was not involved in the conspiracy and accordingly, that co-defendants, were they not also being tried with him (and presumably asserting the Fifth Amendment to prevent Bunch from calling them as witnesses), could provide exculpatory evidence in favor of Bunch by testifying to his lack of involvement and their lack of knowledge of him. At the hearing on September 25, 2008, Mr. Bunch's attorney pressed the second ground for his motion, insisting that his client conspired with no one and that there was no evidence implicating his client.

"When a codefendant invokes his privilege against self-incrimination and refuses to testify, the defendant is denied the benefit of any potentially exculpatory testimony the codefendant might have provided. . . . If a codefendant's assertion of privilege deprives the defendant of exculpatory testimony, the district court may grant a severance if it is persuaded that the deprivation causes the defendant prejudice." United States v. Owen, 500 F.3d 83, 91 (2d Cir. 2007). "In deciding whether to grant

severance based on the defendant's need to call a co-defendant, a district court should consider (1) the sufficiency of the showing that the co-defendant would testify at a severed trial and waive his Fifth Amendment privilege; (2) the degree to which the exculpatory testimony would be cumulative; (3) the counter arguments of judicial economy; and (4) the likelihood that the testimony would be subject to substantial, damaging impeachment." Owen, 500 F.3d at 91-92 (quoting United States v. Wilson, 11 F.3d 346, 354 (2d Cir. 1993)).  The court will consider the Wilson factors in turn.

First, Bunch has not made an adequate showing that co-defendants would testify at a severed trial.  Bunch merely asserts, without support, that "[w]e suspect some of them may be willing to testify about Mr. Bunch's lack of involvement or their lack of any knowledge of Mr. Bunch."  At the hearing, he admitted that he had sent letters to counsel for each co-defendant and had received no responses.  At most four other defendants will be tried with Bunch on Count 2, in a count in which nine other defendants were originally charged; therefore, there are already at least five other charged defendants who could testify on Bunch's behalf if they so chose.  Mr. Bunch has made no showing that any other defendant, including defendants who will be tried separately or those that have pled guilty, would be willing to waive the Fifth Amendment privilege to testify on his behalf.  Thus, there is no demonstration that further severance would produce witnesses on Mr. Bunch's behalf.

Second, if there is truly no evidence to support Bunch's involvement in the conspiracy as Bunch alleges, then further evidence from defendants who can testify that Bunch was not involved or that they do not know Bunch will be cumulative.  Again, there are at least 5 defendants who will not be tried with Bunch, any or all of whom

could testify to Bunch's non-involvement. Further testimony by the four or fewer defendants who will be tried with Bunch would presumably be cumulative of that testimony.

Third, the counter arguments of judicial economy weigh strongly against severance. The court has already severed this case into three separate trials, which together will consume much of the court's calendar for the next three months. A severance of Mr. Bunch would require yet another presentation of the same evidence of conspiracy and empaneling of another jury. Absent a demonstration of the prejudice required by caselaw and Fed. R. Crim. P. 14, judicial economy militates strongly in favor of joint trials in these circumstances.

Fourth, it is unclear whether any testimony that co-defendants could offer would be subject to damaging impeachment. However, this factor, standing on its own, is insufficient to require a joint trial.

In short, Bunch has not demonstrated, according to the criteria that <u>Owen</u> and <u>Wilson</u> set out, that any "prejudice resulting to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." <u>United States v. Walker</u>, 142 F.3d 103, 110 (2d Cir. 1998) (citations omitted).

### III. CONCLUSION

For the foregoing reasons, the court DENIES Bunch's Motion to Sever [**Doc. No. 370**].

**SO ORDERED.**

    Dated at Bridgeport, Connecticut this 16th day of October, 2008.


                    /s/ Janet C. Hall
                    Janet C. Hall
                    United States District Judge